UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. |
| | : | |
| | : | |
| | : | VIOLATION: |
| **VALERIE JENKINS,** | : | 18 U.S.C. § 1341 |
| | : | (Mail Fraud) |
| | : | |
| | : | 18 U.S.C. § 981 |
| Defendant. | : | (Forfeiture) |
| | : | |
| | : | 28 U.S.C. § 2461 |
| | : | (Forfeiture) |

**I N F O R M A T I O N**

The United States Attorney charges**:**

**COUNT ONE**

At times material to this Information:

1.    From approximately 1982 through in or about May of 2006, defendant VALERIE JENKINS (hereinafter sometimes referred to as "JENKINS") worked as a bookkeeper for Dr. Harry Wachs, a Developmental Optometrist practicing in the District of Columbia.  JENKINS duties included accounting and withholding Federal and State income tax, Social Security and Medicare amounts for Dr. Wachs and his wife Ruth Wachs.

2.    Starting in or about 1998 through in or about May of 2006, defendant VALERIE JENKINS devised and executed a scheme to defraud Dr. and Mrs. Wachs and to obtain approximately $185,721 of their money, funds and property through false material pretenses, representations and promises.  During this time period, JENKINS would periodically steal money

from Dr. And Mrs. Wachs by transferring funds from their business bank account into her account at the Education Systems FCU. JENKINS used these stolen funds, totaling approximately $185,721, for her personal benefit or for the benefit of her family members.

3. Starting in approximately 2001, JENKINS set up an account at Wachovia Bank to be used for the payment of the Wachs' quarterly tax, social security and medicare liabilities to the IRS. JENKINS failed to set up this account correctly and, as a consequence, from that point on, no quarterly tax, social security and medicare payments were sent to the IRS. In part to keep her job that permitted her with a continuing opportunity to steal money from the Wachs' business account, JENKINS failed to tell Dr. and Mrs. Wachs about the problem with the tax payments and JENKINS created and provided to Dr. and Mrs. Wachs monthly spreadsheets that falsely represented that Federal and State income tax, social security and medicare amounts ("payroll withholdings") had been paid for the listed time periods, when in reality such payroll withholdings had not been paid to the Federal and State agencies. JENKINS also falsified the check register on the main business bank account.

4. Without the knowledge of Dr. and Mrs. Wachs, JENKINS caused their Federal Income Tax returns to contain false information indicating that they had made tax payments to the Internal Revenue Service of amounts that JENKINS withheld from their pay checks, when in reality such payments had not been made.

Execution of the Scheme

5. On or about September 25, 2003, to further and execute her scheme to defraud Dr. and Mrs. Wachs and to obtain their money, funds and property through false material pretenses, representations and promises, defendant VALERIE JENKINS caused Dr. and Mrs. Wachs to

unwittingly sign and send via United States Postal Service from their residence in Maryland to the Internal Revenue Service Center in Philadelphia, Pennsylvania a Form 1040 personal income tax return for the year 2002, with attachments, which JENKINS knew to contain false information concerning tax payments to the Internal Revenue Service.

**(Mail Fraud, in violation of 18 U.S.C. § 1341)**.

### NOTICE OF FORFEITURE

(18 U.S.C. § 981, 28 U.S.C. § 2461, and Fed. R. Crim. P. 32.2(b)(1))

1.   The violations alleged in Count One of this Information are realleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.   Upon conviction of the offense alleged in Count One of this Information the defendant, VALERIE JENKINS, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) (as incorporated by 28 U.S.C. § 2461(c)), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations, including, but not limited to, the following: **$185,721**, which represents a sum of money equal to the amount of money constituting, or derived from, proceeds obtained, directly or indirectly, as the result of a mail fraud scheme, in violation of 18 U.S.C. § 1341, for which the defendant is jointly and severally liable.

3.   Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), the defendant shall forfeit substitute property, up to the value of the amount described above, if, by any act or omission of said defendant, the property identified above as subject to forfeiture

   a.   cannot be located upon the exercise of due diligence;

  b.  has been transferred, sold to or deposited with a third party;

  c.  has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty.

All in accordance with 28 U.S.C. § 2461(c) (incorporating 18 U.S.C. § 981(a)(1)) and Rule 32.2(a), Federal Rules of Criminal Procedure.

**(Criminal Forfeiture pursuant to Title 18, United States Code, Section 981;Title 28 United States Code, Section 2461)**

JEFFREY A. TAYLOR
United States Attorney

By: _____
JOHN D. GRIFFITH
Assistant United States Attorney
United States Attorneys Office
Fraud/Public Corruption Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-2453