

**U.S. Department of Justice**

**United States Attorney**

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W*
*Washington, D.C. 20001*

December 12, 2007



Tony Miles
Assistant Federal Defender
Office of the Federal Defender
625 Indiana Avenue, N.W., Suite 500
Washington, D.C.

                    Re:    <u>Valerie Jenkins</u>    CR 07-349

Dear Mr. Miles:

    This letter sets forth the full and complete plea offer to your client, Ms. Jenkins. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on December 14, 2007. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

    1. **Charges:** Ms. Jenkins agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18, United States Code, Section 1341. It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Ms. Jenkins and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Ms. Jenkins agrees that the attached "Statement of the Offense" fairly and accurately describes Ms. Jenkins's actions and involvement in the fraud scheme.  It is anticipated that during the Rule 11 plea hearing, Ms. Jenkins will adopt and sign the Statement of the Offense as a written proffer of evidence.

    2. **Potential penalties, assessments, and restitution**: Ms. Jenkins understands that the maximum sentence that can be imposed is twenty years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Ms. Jenkins understands that the sentence to be imposed in this case will be determined by the Court, guided by the factors enumerated in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, <u>Guidelines Manual</u> (November 1, 2002) (hereinafter "Sentencing Guidelines"). Ms. Jenkins understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Ms. Jenkins further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to her, she cannot withdraw her guilty plea. This does not, however, limit Ms. Jenkins' right to appeal an unlawful sentence.

3. **Federal Sentencing Guidelines:** The parties agree that the following Guideline Sections apply:

§2.B1.1

| | |
|---|---|
| (a) Base Offense Level | 6 |
| (b)(1)(F) Loss more of $120,000 [Actual Loss ($185,721)] | 10 |

§3E1.1

| | |
|---|---|
| (b) Acceptance of Responsibility | -3 |

| | |
|---|---|
| TOTAL | 13 |

Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.


4. **Financial Arrangements:** Ms. Jenkins agrees that at the time of the sentencing, she will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013, and agrees that at sentencing the Court should order restitution of $185,721 to Dr. and Mrs. Harry Wachs. Ms. Jenkins also agrees to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for her benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).


5. **Forfeiture:** Ms. Jenkins agrees, pursuant to 18 U.S.C. § 981 and 28 U.S.C. §2461, to the criminal forfeiture of her interest in the property described in the forfeiture allegation of the Information to be filed with this plea agreement, namely: $185,721, which represents a sum of money equal to the amount of money constituting, or derived from, proceeds obtained, directly or indirectly, as the result of a mail fraud scheme, in violation of 18 U.S.C. § 1341. In order to effectuate the forfeiture, Ms. Jenkins agrees to the entry of a consent decree of forfeiture, a copy of which is attached to this Plea Agreement. Further, Ms. Jenkins agrees not to contest the administrative forfeiture or disposition of the aforementioned property if such administrative forfeiture or other disposition proceedings are initiated by a law enforcement agency. Ms. Jenkins acknowledges and agrees that the Government reserves its right to bring a civil action, if necessary,

2

in any jurisdiction for the forfeiture of any of her assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

6. **Waiver of Rights:**  Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Ms. Jenkins expressly warrants that she has discussed these rules with her counsel and understands them. Jenkins voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410. Ms. Jenkins understands and agrees that any statements that she makes in the course of her guilty plea or in connection with this plea agreement are admissible against her for any purpose in any criminal or civil proceeding, if the guilty plea is subsequently withdrawn.

7. **Waiver of Venue**: Ms. Jenkins is aware that federal law, specifically Rule 18 of the Federal Rules of Criminal Procedure, affords her the right to have charges against her prosecuted in a district where the offense was committed.  The mailing which is the subject of Ms. Jenkins' guilty plea was sent from the District of Maryland to the Eastern District of Pennsylvania.  Understanding this, and given that the government's investigation includes activities occurring in the District of Columbia, Ms. Jenkins knowingly and voluntarily agrees to waive her right to have charges against her prosecuted in a district where the offense was committed and agrees to the filing of the Information and entry of her plea in the District of Columbia

8. **Reservation of Allocution:** Subject to the requirements of paragraphs 3 and 11 below, the United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to the Ms. Jenkins' criminal activities.  In addition, Ms. Jenkins acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

9. The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

10. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

11. **Government Concessions:** In exchange for her guilty plea, the government agrees not to oppose Ms. Jenkins's release pending sentencing, agrees not to oppose a three-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, agrees not to oppose a sentence at the

bottom of the applicable guidelines range at sentencing level 13, agrees not to oppose Ms. Jenkins' voluntary surrender to commence serving any sentence which is imposed, provided that Ms. Jenkins continues to show her acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested);  (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter;  (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for her release by the Court.  Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Ms. Jenkins in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the scheme outlined in the attached Statement of Offense.  This agreement not to prosecute Ms. Jenkins does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4).  It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Ms. Jenkins.

12.  **Court is not bound:** Ms. Jenkins understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding her bond status or detention will be made by the Court at the time of her plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

13.  **Breach of Agreement:** Ms. Jenkins agrees that if she fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement.  In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of  Ms. Jenkins's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Ms. Jenkins will not have the right to withdraw the guilty plea; (c) Ms. Jenkins shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against  Ms. Jenkins, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by her pursuant to this agreement.

14.  Any such prosecutions of the defendant not time-barred by the applicable statute of limitations on the date of the signing of this agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the running of the applicable statute of limitations before the commencement of such prosecutions.  Ms. Jenkins knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

15. **USAO's Criminal Division Bound:** Ms. Jenkins understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Ms. Jenkins.

16. **Complete Agreement:**     No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Ms. Jenkins, Ms. Jenkins's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Ms. Jenkins may indicate her assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Ms. Jenkins and her counsel.

Sincerely yours,

*Jeffrey A. Taylor/SJD*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:     _____
JOHN GRIFFITH
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, Tony Miles, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: _1/23/08_                     _____
                                    Valerie Jenkins
                                    Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _1/23/08_                     _____
                                    Tony Miles, Esquire
                                    Attorney for the Defendant

6