UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | |
| | : | **Criminal No.** |
| | : | |
| **VALERIE JENKINS,** | : | 07-349 |
| | : | |
| **Defendant.** | : | |

FILED
JAN 2 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**CONSENT ORDER OF FORFEITURE**

WHEREAS, a written plea agreement was filed with this Court and signed by defendant **Valerie Jenkins** and her counsel, Tony Miles, Esquire, in which defendant Jenkins agreed to plead guilty to a felony violation, that is, Mail Fraud, in violation of Title 18, United States Code, Section 1341;

WHEREAS, the Information also alleged the forfeiture of certain property, which property is subject to forfeiture, pursuant to Title 28, United States Code, Section 2461(c) (incorporating Title 18, United States Code, Section 981(a)(1)(C)), as property constituting, derived from, or traceable to proceeds obtained from the commission of the offense set forth above;

WHEREAS, in his plea agreement, the defendant expressly agreed and consented to the entry of an Order of Forfeiture, under Fed.R.Crim.P. 32.2(b)(2), which concerns property subject to forfeiture, pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of a mail fraud scheme;

WHEREAS, this Court has determined, based on the evidence set forth during the defendant's guilty plea, that the "Subject Property" is subject to forfeiture pursuant to Title 28,

United States Code, Section 2461(c)'s incorporation of Title 18, United States Code, Section 981(a)(1)(C), and that the Government has established the requisite nexus between such property and the mail fraud scheme to violate Title 18, United States Code, Section 1341;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the following property is declared forfeited to the United States, pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C):

<u>MONEY JUDGEMENT</u>:

$185,721, which constitutes the amount of proceeds defendant derived from her mail fraud scheme.

2. The United States may publish notice of the Order and its intent to dispose of the Subject Property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of this Consent Order of Forfeiture, pursuant to 18 U.S.C. § 982 (incorporating 21 U.S.C. 853).

3. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts

supporting the petitioner's claim and the relief sought.

4. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

5. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853 for the filing of third party petitions.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney John D. Griffith, United States Attorney's Office, 555 Fourth Street, NW, Washington, D.C. 20530.

Dated this 23rd day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

JEFFREY A. TAYLOR. (DC Bar. No. 498610)
United States Attorney

By:  _____
JOHN D. GRIFFITH
Assistant United States Attorney
Fraud and Public Corruption Section
U.S. Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 353-2453

_____
VALERIE JENKINS
Defendant

_____
TONY MILES, ESQUIRE
Counsel for Defendant Jenkins