UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO.: 07-cr-349 (RWR) |
| : | |
| v. : | |
| : | |
| VALERIE JENKINS : | |
| : | |
| Defendant. : | |
| _____ : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits in the above-referenced matter this memorandum in aid of sentencing of defendant Valerie Jenkins. As will be discussed below, the government believes that an application of the advisory Sentencing Guidelines set forth in ¶3 of the plea agreement (offense level total 13) is appropriate here.

**FACTUAL BACKGROUND**

This case stems from the defendant's conduct over a number of years in stealing funds from her employers, Dr. and Mrs. Harry Wachs. Starting in approximately 1998, the defendant, as the bookkeeper for Dr. Wachs' optometry practice, periodically stole money by transferring funds from the Wachs' business bank account into her personal account at the Education Systems FCU. This activity continued until 2006, at which time Dr. Wachs sold his practice. In about 2001, the defendant established an account at Wachovia Bank intended to facilitate the collection and submission of Dr. and Mrs. Wachs' quarterly tax, social security and medicare withholdings to the IRS. The defendant failed to set the account up correctly, resulting in these withholdings not being submitted to the government. In part to keep her job that permitted her with a continuing opportunity to steal money from the business account, the defendant failed to tell Dr.

and Mrs. Wachs about the problem with the withholdings. The defendant created and provided to Dr. and Mrs. Wachs monthly spreadsheets that falsely represented that withholdings had been paid for the listed time periods, when in reality they had not. The defendant also falsified the check register on the business bank account. As a result of the false documents, the defendant caused Dr. and Mrs. Wachs to unwittingly submit a false Federal income tax return for the year 2002.

## SENTENCING FACTORS

Title 18, United States Code, Section 3553(a), provides numerous factors that the Court shall consider in sentencing Ms. Jenkins. These factors are discussed below numbered as they are in Section 3553(a).

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant.**

**(A)    Nature and circumstances of the offense**

Here, the nature and circumstances of the offense involved the defendant's multi-year continuing criminal activities to unlawfully gain control over $185,000 of her employers' funds, which the defendant then spent for her personal expenses. In addition, the defendant falsified records and caused her employers to submit a false tax return, all in an effort to conceal her criminal conduct. This conduct falls squarely within the class of cases to which the applicable Sentencing Guidelines are addressed. Thus, consideration of the nature and circumstances of the offense counsel in favor of a sentence consistent with the Guidelines.

**(B) The history and characteristics of the defendant**

The defendant's history and characteristics also counsel in favor of a Guidelines driven sentence. Here, the PSR reflects that the defendant was professionally, intellectually and

emotionally capable of avoiding her criminal conduct, but instead chose to engage in it intentionally and repeatedly.  The PSR reflects that the defendant graduated from high school, took college classes and worked in the fields of accounting and tax preparation for decades, ¶¶ 49-54.  The defendant, in short, was someone who should have known better than to engage in a scheme to defraud her employers of close to $200,000 over a multi-year period.  The defendant nevertheless subsequently accepted responsibility for her crime pre-indictment and has cooperated in the investigation of her illegal activities.

**(2)    The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence; (C) to protect the pubic from further crimes of the defendant; and (D) to provide defendant with appropriate education or vocational training.**

A Guidelines based sentence is required "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  *See* 18 U.S.C. § 3553(a)(2).  Here, as discussed above, the defendant committed a serious felony offense that spanned a period of years.   The need for deterrence of others and to promote respect for the law are also important objectives in this case that can be met by an application of the Guidelines.

As to the final consideration, there does not appear to be a need in this case to adjust the sentence "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  *See* 18 U.S.C. § 3553(a)(2)(D).

**(3) The kinds of sentences available**

The maximum term of imprisonment for this crime is 20 years, with a term of supervised release of not more than 3 years.

**(4) The sentencing range established by the United States Sentencing Guidelines**

The Supreme Court has declared that, in terms of determining an appropriate sentence, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 128 U.S. 586, 596 (2007). Here, the government and the defendant stipulated in the plea agreement to a Total Adjusted Offense Level of 13 which results in a sentencing range of 12 to 18 months.[1]

The government believes that this offense level is appropriate based on the fact that such a sentencing level properly reflects the accumulated wisdom and expertise of the Sentencing Commission, and serves the vital goal of uniformity and fairness in sentencing. While, to be sure, "[i]n accord with 18 U.S.C. § 3553(a), the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence," *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007), it remains the case that "the Commission fills an important institutional role: It has the capacity courts lack to 'base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise.'" *Id.* at 574 (quoting *United States v. Pruitt*, 502 F.3d 1154, 1171 (10th Cir. 2007) (McConnell, J., concurring)). As stated by the Supreme Court in *Kimbrough*: "We have accordingly recognized that, in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Id.,* (quoting *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007)).

In *Rita*, the Supreme Court held that an appellate court may presume that a within-

---

[1] In accordance with ¶ 3 of the plea letter, the government takes no position on the issue of whether guideline §3B1.3, Abuse of Position of Trust, referenced in PSR ¶ 19, applies in this case.

Guidelines sentence is reasonable. While this presumption does not apply before the district court, *Rita*, 127 S. Ct. at 2465, the Supreme Court's observation is informative that "the presumption reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing Court and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one." *Id.* at 2463 (emphasis in original).

Further, the advisory Guidelines are the sole means available for assuring some measure of uniformity in sentencing, fulfilling a key Congressional goal in adopting the Sentencing Reform Act of 1984. Reference to the Guidelines, while carefully considering the 3553(a) factors particularly relevant to an individual defendant, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments. Therefore, the Supreme Court has held that "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 128 U.S. 586, 597 n.6.

**(5) Any pertinent policy statement issued by the USSC**

The government is unaware of any pertinent policy statements issued by the USSC.

**(6) The need to avoid unwarranted sentencing disparities among defendants with similar records**

As discussed above, a Guidelines sentence would help prevent such disparities between the defendant and similar defendants.

**(7) The need to provide restitution to any victims of the offense.**

As part of her plea agreement, the defendant that the Court should issue an order of restitution in the amount of $185,721, payable to Dr. and Mrs. Wachs.

## CONCLUSION

For the foregoing reasons, the government respectfully recommends that the defendant be sentenced in accordance with advisory Guidelines level 13, together with a three-year period of supervised release.

>     Respectfully submitted,
>     JEFFREY A. TAYLOR
>     United States Attorney
>     For the District of Columbia
>
> By:     _____/s/_____
>     JOHN D. GRIFFITH
>     IA Bar #4622
>     Assistant United States Attorney
>     Fraud and Public Corruption Section
>     555 4th Street, N.W.
>     Washington, D.C.  20530
>     (202) 353-2453
>     john.griffith3@usdoj.gov

Dated: April __, 2008