AO 245B   (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>VALERIE JENKINS | **JUDGMENT IN A CRIMINAL CASE** |

Case Number:   07-349

USM Number:   29326-016

Tony Miles
Defendant's Attorney

**FILED**

APR 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## THE DEFENDANT:

☑ pleaded guilty to count(s)      1 of an Information

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1341 | Mail Fraud | 5/06 | 1 |

The defendant is sentenced as provided in pages 2 through ___10___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                                              is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 22, 2008
Date of Imposition of Judgment

_Signature of Judge_

RICHARD W. ROBERTS                    USDJ
Name of Judge                         Title of Judge

4-25-08
Date

AO 245B     (Rev. 06/05) Judgment in Criminal Case
            Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___10___

DEFENDANT:  VALERIE JENKINS
CASE NUMBER:  07-349

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

12 MONTHS AND 1 DAY on Count 1.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be designated to a facility near Washington, D.C.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☑ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page  3  of  10

DEFENDANT:  VALERIE JENKINS
CASE NUMBER:  07-349

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

36 Months.

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

     future substance abuse.  (Check, if applicable.)

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B      (Rev. 06/05) Judgment in a Criminal Case
             Sheet 3A — Supervised Release

Judgment—Page  4  of  10

DEFENDANT: VALERIE JENKINS
CASE NUMBER: 07-349

# ADDITIONAL SUPERVISED RELEASE TERMS

As a substitute for imposition *of* an additional 6 months of incarceration, the Court directs that the defendant shall serve 6 months in home detention under electronic monitoring with work release privileges. Costs of supervision will be waived.

The defendant shall perform 50 hours of community service.

The defendant shall notify all current and future employers and clients of her offense of conviction, and provide verification of such notification to the Probation Office.

The defendant is prohibited form incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Office.

The defendant must secure permission form the Probation Office before accepting or undertaking any employment responsibilities involving handling moneys or financial accounts of others or gaining access to others' financial account information.

The defendant shall be prohibited from accepting cash payments for services she provides.

The defendant shall not direct that any client's tax refund be made out to or otherwise directed to her.

The defendant shall provide the Probation Office with her income tax returns, authorization for release of credit information, and any information about other businesses or finances in which she has a control or interest until all restitution is satisfied.

The defendant shall pay the balance of any restitution owed at a rate of no less than $500 each month and provide verification of same to the Probation Office.

The Probation Office shall file a status report within 6 months after supervised release has begun.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court. Agencies shall return the report upon completing their functions regarding the defendant.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page  5  of  10

DEFENDANT:  VALERIE JENKINS
CASE NUMBER:  07-349

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 185,721.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Dr. Harry Wachs | $185,721.00 | $185,721.00 | |
| "Huntingfields Farm" | | | |
| 2460 Huntingfields Drive | | | |
| Huntingtown, Md.  20639 | | | |

| **TOTALS** | $ 185,721.00 | $ 185,721.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the    ☐ fine  ☑ restitution.

   ☐ the interest requirement for the    ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev 06/05) Judgment in a Criminal Case
            Sheet 5A — Criminal Monetary Penalties

Judgment—Page   6   of   10

DEFENDANT:  VALERIE JENKINS
CASE NUMBER:  07-349

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

In light of the restitution ordered, the Court finds that the defendant does not have the ability to pay a fine and none shall be imposed.

The special assessment and fine are immediately payable to the Clerk of the Court for the US District Court, District of Columbia.  Within 30 days of any change of mailing or residence address the defendant shall notify the Clerk of the Court of the change until such time as the financial obligation has been paid in full.  The Court waives any interest or penalties that may accrue on unpaid balances.  The defendant shall make payments on the special assessment and restitution through her participation in the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall pay $5000.00 toward her restitution obligation while she is awaiting voluntary surrender to her designated facility.