## HONORABLE RICHARD W. ROBERTS, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**APR 2 2 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | : | Docket No.: <u>07-CR-349</u> |
| --- | --- | --- |
|  | : |  |
| vs. | : |  |
|  | : |  |
| JENKINS, Valerie | : | Disclosure Date: <u>March 18, 2008</u> |

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

#### For the Government

(CHECK APPROPRIATE BOX)
( ✓ ) There are no material/factual inaccuracies therein. *See attached Statement.*
(  ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____          3-31-08
Prosecuting Attorney                          Date

#### For the Defendant

(CHECK APPROPRIATE BOX)
(  ) There are no material/factual inaccuracies therein.
( ✓ ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____ 4/2/08         _____ 4/2/08
Defendant            Date                       Defense Counsel            Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by <u>April 1, 2008</u>, to U.S. Probation Officer <u>Kelli Cave</u>, telephone number <u>(202) 565-1357</u>, fax number <u>(202) 273-0242</u>.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:   Gennine A. Hagar, Chief
      United States Probation Officer

Receipt and Acknowledgment                                    Page 2

Please note that the government takes no position on ¶ 19, setting forth a 2 level adjustment for abuse of position of trust.

Signed by: _____
(Defendant/Defense Attorney/AUSA)

Date: 3/27/08

**FEDERAL PUBLIC DEFENDER**
DISTRICT OF COLUMBIA
SUITE 550
625 INDIANA AVENUE, N.W.
WASHINGTON, DC 20004

A. J. KRAMER
*Federal Public Defender*

Telephone: (202) 208-7500
FAX (202) 208-7515

April 1, 2008

BY FAX (202) 273-0193

Ms. Kelli Griffin Cave
United States Probation Officer
3rd & Constitution Ave., N.W.
Washington, D.C. 20001

Re: <u>United States v. Valerie Jenkins</u> [Cr. No. 07-349 (RWR)]

Ms. Cave:

Ms. Jenkins and I have reviewed the Presentence Report (PSR) in relation to her case and we have found that the following factual/material inaccuracies exist in the PSR:

-On page 5, paragraph 12, in the "Victim Impact" section, the PSR should note that, while Ms. Jenkins is very sorry for the harm she has caused the victim in this case and is very sympathetic to all problems and issues which have resulted from her conduct, the defense wants to provide full and accurate information concerning the Ireland and Caribbean vacations referenced in this section. Dr. Wachs agreed to pay about $1,000 on two occasions towards two vacations taken by Ms. Jenkins. Ms. Jenkins and her husband were responsible for all expenses beyond $1,000. The $1,000 contributions constituted Ms. Jenkins's Christmas bonus on the two aforementioned occasions and Dr. Wachs preferred to pay her Christmas bonus in this manner rather than give her a cash bonus. Ms. Jenkins appreciates having received such assistance from Dr. Wachs towards these two trips.

-On page 5, paragraph 14, in the "Acceptance of Responsibility" section, since Ms. Jenkins has fully admitted to her wrongdoing and has expressed remorse for her conduct, her comments regarding her opinions about her former employer's managing style are not relevant to her acceptance of responsibility and, therefore, should not be included in this section. If these comments are included in the PSR they should appear elsewhere and the PSR should note that Ms. Jenkins acknowledges that Dr. Wachs contributed financially to two (not one) vacation.

-On page 6, paragraph 19, a 2 level enhancement under U.S.S.G. § 3B1.3 (Abuse of Position of Trust) is unwarranted. For instance, especially considering her education and training, her position as a "bookkeeper" is not a "position of trust" pursuant to § 3B1.3. Ms. Jenkins is not a Certified Public Accountant (CPA) and she does not possess any degree in any accounting or

financial field. In fact, the highest level of school Ms. Jenkins completed is High School. Neither Ms. Jenkins's educational level nor her position during her employment for Dr. Wachs suggest that she had the "professional or managerial discretion" as required by § 3B1.3.

-On page 6, paragraph 21, due to the above objection, Ms. Jenkins's "Adjusted Offense Level (Subtotal)" is 16.

-On page 6, paragraph 24, due to the above objection, Ms. Jenkins's "Total Offense Level" is 13.

-On page 7, paragraph 29, the PSR should note that the correct spelling for Ms. Jenkins's mother's last name is Rusmisel.

-Also on page 7, paragraph 29, the PSR should note that Ms. Jenkins's brother died while riding in a car being driven by a drunk driver.

-On page 7, paragraph 30, the PSR should note that Ms. Jenkins grew up in Washington, D.C. and Seat Pleasant, Maryland (not Hughesville) and the report should note that Ms. Jenkins's relationship with her mother became much stronger and closer as Ms. Jenkins became an adult. She has shared a strong and close relationship with her mother for approximately the past 30 years.

-On page 8, paragraph 31, the following inaccurate statement should be omitted from the PSR: "... and felt she was raised with rigid Catholic standards."

-On page 8, paragraph 34, the correct spelling for Ms. Jenkins's 28 year old daughter is "Mary Jo."

-Also on page 8, paragraph 34, the PSR should note that Ms. Jenkins's daughter, Lisa, is employed with the government of Calvert County, Maryland.

-On page 8, paragraph 35, the PSR should note that the mental health issue from which Ms. Jenkins's husband suffers is depression. Although Ms. Jenkins's husband takes medication for other ailments, he is not taking any medication for depression or for any other mental health related issue (note: this issue should also be corrected in ¶ 46 of the PSR).

-On page 8, paragraph 37, the PSR should be updated to reflect that Ms. Jenkins now has six grandchildren. The most recent grandchild is a boy who is currently one week old. This grandson's name is Carter and he is the son of Ms. Jenkins's son Terry.

-On page 9, paragraph 42, the PSR should note that Ms. Jenkins had a hysterectomy in about 1988 and she was diagnosed with Fibromyalgia in about 1994.

-On page 10, paragraphs 51 & 54, the PSR should note that Ms. Jenkins is primarily employed as a tax preparer and that she provides bookkeeping services for only a few clients.

04/02/2008  13:54    2022087515                FPD                              PAGE  03/03

  -On page 12, paragraph 63, due to corrections discussed above, Ms. Jenkins's correct total offense level is 13 and her correct sentencing guidelines range is 12 to 18 months.

  -On page 14, paragraph 76, due to corrections discussed above, Ms. Jenkins's correct sentencing guidelines fine range is $2,000 to $20,000.

  -On page 14, paragraph 78, Dr. Wach's first name is Harry (rather than Henry).

Thank you for your assistance.

              Sincerely,

              Tony W. Miles
              Asst. Federal Public Defender

cc: AUSA John D. Griffith